**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO ULISES HERNANDEZ-MUNOZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 14-72542<br><br>Agency No. A089-296-568<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2017[**]
Pasadena, California

Before: REINHARDT, GILMAN,[***] and WARDLAW, Circuit Judges.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Hernandez-Munoz applied for adjustment of status to lawful permanent resident under 8 U.S.C. § 1255(i). Because he was inadmissible due to a single conviction for possession of a small amount of marijuana, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II), Hernandez-Munoz also applied for a waiver of inadmissibility under 8 U.S.C. § 1182(h). On direct examination, Hernandez-Munoz's own lawyer elicited admissions from Hernandez-Munoz that he had *used* marijuana on numerous prior occasions. The IJ found that Hernandez-Munoz was ineligible for a waiver of inadmissibility because he had supposedly admitted to facts constituting the essential elements of numerous counts of marijuana *possession*. *See* 8 U.S.C. § 1182(a)(2)(A)(i). However, the IJ also "note[d] that were it not for these admissions, the Court would not hesitate in granting Respondent's adjustment of status and 212(h) waiver."

It is well-established under both California and federal law in this circuit that use of a drug does not necessarily imply possession of that drug. Rather, use is *at most* circumstantial evidence of possession. *See United States v. Martin*, 984 F.2d 308, 311 n.5 (9th Cir. 1993) (citing *United States v. Blackston*, 940 F.2d 877, 883 (3d Cir. 1991)); *Flores-Arellano v. I.N.S.*, 5 F.3d 360, 363 n.5 (9th Cir. 1993); *People v. Morales*, 25 Cal. 4th 34, 44 (2001); *People v. Palaschak*, 9 Cal. 4th 1236, 1240-41 (1995); *People v. Spann*, 187 Cal. App. 3d 400, 401-06 (1986);

2

*People v. Ayala*, 334 P.2d 61, 63 (Cal. Dist. Ct. App. 1959). In fact, in its supplemental brief the government acknowledges that use is only circumstantial evidence of possession. Therefore, Hernandez-Munoz's admissions to using marijuana were not admissions to "acts which constitute the *essential elements* of" marijuana possession. 8 U.S.C. § 1182(a)(2)(A)(i) (emphasis added).[1]

The government argues that by admitting to acts which constitute circumstantial evidence of marijuana possession, Hernandez-Munoz assumed a burden to prove that he did not possess marijuana on each of those occasions. This argument is contradicted by the plain text of the statute. Hernandez-Munoz is inadmissible under the relevant provision only if he admitted to the essential elements of marijuana possession. He did not admit to those essential elements. He has therefore carried his burden to show his eligibility for relief.

The petition for review is granted and the case is remanded to the BIA for further proceedings consistent with this disposition.

**GRANTED** and **REMANDED.**

---

[1] The government also acknowledges that "it is not . . . a violation of California [law] to use or be under the influence of marijuana. Nor is it technically a violation of federal law to use a controlled substance."